SUMMARY ORDER

Respondent-appellant Globex International Inc. (“Globex”) appeals from an April 16, 2008, 2008 WL 1752530, judgment of the United States District Court for the Southern District of New York (Scheindlin, J.) granting petitioner-appel-lee Macromex Sri’s (“Macromex”) petition for confirmation of an arbitral award and denying Globex’s cross-petition to vacate that award. We assume the parties’ familiarity with the underlying facts and procedural history of the case, as well as the issues presented on appeal.
We agree with the district court there was at least a “barely colorable justification” for the arbitrator’s finding that Globex breached its contract with Macro-mex. See Wallace v. Buttar, 378 F.3d 182, 190 (2d Cir.2004) (“[An arbitration] award should be enforced ... if there is a barely colorable justification for the outcome reached.” (internal quotation marks omitted)). As the district court concluded, it is possible to read U.C.C. § 2-614(l)’s reference to “facilities” to include a facility that becomes unavailable as a result of an importation ban imposed by that facility’s country. Thus, read this *243 way, § 2-614(1) could impose a duty to tender commercially reasonable substitute performance once the Romanian importation ban made delivery in Romania impossible. Further, Globex cites no authority or convincing analysis in support of its contention that, pursuant to the Official Comment, the Romanian importation ban went “to the very heart of the agreement,” and therefore § 2-614(1) did not apply to the contract. See Stolt-Nielsen SA v. AnimalFeeds Int’l Corp., 548 F.3d 85, 92 (2d Cir.2008) (“In the context of contract interpretation, we are required to confirm arbitration awards [even if we have] serious reservations about the soundness of the arbitrator’s reading of the contract.” (internal quotation marks and brackets omitted)).
With respect to damages, Globex arg-ues that a proper reading of CISG Article 74 imposes liability for damages suffered as a consequence of the particularly identified breach, “with foreseeable damages ... simply as a cap on actual damages.” See CISG Art. 74 (“Damages for breach of contract by one party consist of [the damages] ... suffered by the other party as a consequence of the breach. Such damages may not exceed the loss which the party in breach foresaw ... at the time of the conclusion of the contract.”). Even if this argument were correct, and the arbitrator interpreted Article 74 erroneously by awarding the foreseeable damages in full, our precedent is clear that an arbitrator does not manifestly disregard the law in such circumstances. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, 808 F.2d 930, 933 (2d Cir.1986) (“Manifest disregard of the law ... clearly means more than error or misunderstanding with respect to the law.” (internal quotation marks omitted)); Wallace, 378 F.3d at 190 (“Our cases demonstrate that we have used the manifest disregard of law doctrine to vacate arbitral awards only in the most egregious instances of misapplication of legal principles.”).
We have considered Globex’s remaining arguments and hold them to be without merit.
For the foregoing reasons, the judgment of the district court is AFFIRMED.